UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| HIAWATHA HOEFT-ROSS, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> WERNER & CHRISTEL HOEFT, et al., ) <br> ) <br> Defendants. ) <br> ) | 03:05-CV-0121-LRH (VPC) <br><br> ORDER |

Presently before this court are two motions. Defendants Werner and Christel Hoeft as trustees of the Hoeft Revokable Trust ("Trust"), Werner Hoeft Linear Design and Werner and Christel Hoeft ("Defendants") as individuals, have moved to dismiss the complaint against them (#12[1]). Plaintiffs, Hiawatha Hoeft-Ross ("Hiawatha"), Monica Hoeft-Ross ("Monica"), Kirsten Hoeft-Ross and Martin Hoeft-Ross, have filed an opposition (#22) to which Defendants have replied (#28). Plaintiffs have also filed a motion to strike inadmissible evidence contained in the pending motion to dismiss (#33). Defendants have filed an opposition (#35) to which Plaintiffs have replied (#36).

**FACTS**

The current lawsuit arises out of a family dispute alleged to have racial overtones. Hiawatha, an African-American classified as disabled, married Monica, a disabled German citizen with permanent resident status. Defendants are Monica's parents, both are German citizens with permanent resident status. Defendant Trust is a revokable trust created in

---

[1] References to (#XX) refer to the court's docket.

California by Defendants.  Defendant Trust owns the Nevada property over which the current dispute arises.  At the time of some of the incidents forming the basis of this lawsuit, Defendants lived in California.  However, at the present time, Defendants reside in Nevada.  Hiawatha alleges that Defendants are racist, and that their actions in dealing with his family have been improper based on their beliefs.

The animus between Plaintiffs and Defendants arises primarily from a rental agreement which provided Plaintiffs with living arrangements in a home purchased by Defendants and held by Defendant Trust.  Hiawatha contends that he was excluded from signing the original rental agreement because Defendants did not want to rent the property to an African-American.  In addition, Hiawatha contends that his family was improperly evicted based in part on the racial animus Defendants have towards African-Americans.  Many of the subsidiary claims brought by Hiawatha involve claims of damage based on the statements and actions which Hiawatha attributes to Defendants' racism.  Several of the other claims relate to actions taken surrounding Defendants' decision to remove Plaintiffs from the home.

Plaintiffs' amended complaint alleges thirty-five numbered causes of action involving federal and state claims: abuse of process, assault and battery, defamation, libel, fraudulent or intentional misrepresentation, intentional infliction of emotional distress, intentional interference with contractual relations, invasion of privacy, malicious use of prosecution, negligence, negligence per se and discrimination under Nevada Revised Statute 118, negligent infliction of emotional distress, fraud and negligent misrepresentation, duty to disclose rent increase under NRS 118A.300, conversion, breach of contract, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, constructive eviction, nuisance, quiet enjoyment, rental agreement is void, rental agreement is unconscionable, racial harassment, violation of the Fair Housing Act, conspiracy to deprive of civil rights, right to make and enforce contracts, right to lease and hold property, vindication of rights, civil conspiracy under the Nevada Revised Statutes, slander per se, retaliatory eviction, SLAPP action, and continuous tort.  Indeed, Plaintiffs' lawsuit covers nearly every conceivable legal theory which might be tied to the facts suggested in the complaint.

Defendants have responded by filing a motion to dismiss based on lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The failure to state a claim arguments have been confined to the claims sounding in federal law. These claims are as follows: right to make and enforce contracts (pursuant to 42 U.S.C. section 1981); right to lease and hold property (pursuant to 42 U.S.C. section 1982); violation of the fair housing act (pursuant to 42 U.S.C. section 3604); and conspiracy to deprive of civil rights (pursuant to 42 U.S.C. section 1985).

Defendants begin by claiming that the court lacks diversity jurisdiction over all the claims. Defendants then argue that Plaintiffs have failed to state a claim for any of the federal claims brought. Finally, because Plaintiffs failed to properly state their federal claims, Defendants contend that no federal question jurisdiction exists and supplemental jurisdiction cannot be taken over the remaining state law claims.

## LEGAL STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court asks only whether the pleadings are sufficient to establish a claim, not whether the Plaintiff could find evidence to support the pleadings. *See e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (noting that "factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations"). Therefore, for the purpose of the motion, the court accepts as true all material allegations in the complaint and construes those allegations in the light most favorable to the non-moving party. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986) (citing *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983)). Dismissal is warranted only if it appears to a certainty that the Plaintiff would not be entitled to relief under any set of facts that could be proven. *Id*.

However, when subject matter jurisdiction is attacked via Rule 12(b)(1), the court is granted more leeway. This is so because federal courts are courts of limited jurisdiction, *Owen Equip. & Erection Co. v. Kroger*, 473 U.S. 365, 374 (1978), and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

1    "In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citing *Thornhill Publ'g Co. v. General Tel. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the court is faced with a factual attack on subject matter jurisdiction, "'[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Thornhill Publ'g Co., Inc.*, 594 F.2d at 733 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)). "However, where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine*, 704 F.2d at 1077. "[A]n action should not be dismissed for lack of jurisdiction without giving the plaintiff an opportunity to be heard unless it is clear the deficiency cannot be overcome by amendment." *May Dept. Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980).

**DISCUSSION**

The court begins, as it must, with the threshold issue of jurisdiction. *See United States v. Am. Friends Serv. Comm.*, 419 U.S. 7, 12 n.7 (1974) (noting several threshold issues, including jurisdiction, involved in that matter). If the court is without jurisdiction, it need proceed no further. If jurisdiction exists, the court will take up Defendants arguments that Plaintiffs fail to state a claim for relief.

   1.   *Diversity Jurisdiction*

Plaintiffs have alleged that diversity jurisdiction exists in this matter. However, it is uncontested between the parties that at the time the complaint was filed Defendants were German citizens who had moved to and were domiciled in Nevada. It is also uncontested that Plaintiff Monica is a German citizen domiciled in Nevada. Further, the minor children Plaintiffs are dual citizens of Germany and the United States, domiciled in Nevada. Since diversity jurisdiction "depends upon the state of things at the time of the action brought," *Grupo Dataflux v. Atlas*

1  *Global Group, L.P.*, 541 U.S. 567, 570 (2004), *quoting Mollan v. Torrance*, 9 Wheat. 537, 539
2  (1824), the court is faced with a lawsuit between German citizens domiciled in Nevada and
3  German citizens domiciled in Nevada. As such, complete diversity is lacking, and the court
4  cannot exercise diversity jurisdiction over the claims.

        *2.      Federal Question Jurisdiction*

Plaintiffs have also alleged federal question jurisdiction. In seeking to dismiss for lack of jurisdiction, Defendants allege that Plaintiffs have not stated viable claims under federal law, and therefore federal question jurisdiction does not exist. "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, ___ U.S. ___, 126 S.Ct. 1235, 1244 (2006). While some federal laws are only applicable when certain conditions, such as number of employees or number of properties owned, are met, these aspects of the claim are not jurisdictional but instead relate to the merits of the claim. *Id.* at 1244-45. "Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits under Rule 12(b)(6)." *Bollard v. Cal. Province of the Soc'y of Jesus*, 196 F.3d 940, 951 (9th Cir. 1999).

As noted above, Plaintiffs have alleged four causes of action arising under federal law: the right to make and enforce contracts pursuant to 42 U.S.C. section 1981; the right to lease and hold property pursuant to 42 U.S.C. section 1982; a violation of the fair housing act pursuant to 42 U.S.C. section 3604; and conspiracy to deprive of civil rights pursuant to 42 U.S.C. section 1985. Defendants' objections to federal question jurisdiction rest solely on the premise that Plaintiffs cannot meet certain elements of each claim. Therefore, according to Defendants, Plaintiffs cannot bring their claims under 28 U.S.C. section 1331.

As explained in *Arbaugh*: "Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief - a merits-related determination." *Arbaugh v. Y & H Corp.*, 126 S.Ct. at 1242, *quoting* 2 J. Moore et al., Moore's Federal Practice § 12.30[1], p. 12-36.1 (3d ed. 2005). Defendants' arguments mirror the confusion recently noted

1  by the Supreme Court.  Plaintiffs have stated non-frivolous claims arising under several federal
2  laws.  Whether these claims are valid on the merits is immaterial to whether this court has federal
3  question jurisdiction.  Accordingly, the court finds that subject matter jurisdiction exists and will
4  proceed to Defendants' objections under Rule 12(b)(6).
5       *3.     Section 1981, 1982 and Fair Housing Act Claims*
6       The Ninth Circuit has not spoken on the differences between claims brought under
7  section 1981, 1982 and the Fair Housing Act when all are based on allegedly improper racial
8  discrimination in rental agreements.  However, the Ninth Circuit has noted that the burden of
9  proof at summary judgment in section 1982 and Fair Housing Act claims is the same.  *Phiffer v.*
10 *Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir. 1980) (1982 claim); *Gilligan v.*
11 *Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (Fair Housing Act claim).  Further, the
12 Sixth Circuit has noted that courts are fairly uniform in concluding that section 1981, 1982 and
13 Fair Housing Act claims all consist of the same prima facie elements.  *See Selden Apartments v.*
14 *HUD*, 785 F.2d 152, 159 (6th Cir. 1986) (noting the prima facie elements of section 1981, 1982
15 and Fair Housing Act cases based on racial discrimination to be (1) that the plaintiff is a member
16 of a racial minority; (2) that the plaintiff applied for and was qualified to rent certain property or
17 housing; (3) that the plaintiff was rejected; and (4) that the housing or rental property remained
18 available thereafter).  Given the uniformity of courts in dealing with the prima facie elements
19 under each statute, the court concludes that the pleading requirements at the motion to dismiss
20 stage are equally similar.
21      In the context of a motion to dismiss, the Ninth Circuit has provided guidance in the
22 context of Fair Housing Act cases.  Of note is the clear belief of this Circuit that a motion to
23 dismiss, especially of a Fair Housing Act claim, is viewed unfavorably and is rarely granted.  *See*
24 *Gilligan*, 108 F.3d at 248-49 (discussing standards for motion to dismiss in Fair Housing Act
25 case).  While it may appear from the face of the pleadings that recovery under the law is remote
26 at best, that is not the test.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  Any concept of a
27 heightened pleading standard has been rejected.  "[F]ederal courts and litigants must rely on
28 summary judgment and control of discovery to weed out unmeritorious claims sooner rather than

later." *Gilligan*, 108 F.3d at 249 *quoting Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).

Based on these pronouncements, a Fair Housing Act claim will survive a motion to dismiss provided that three elements are properly pled: (1) that the plaintiff is a member of a protected class; (2) that a policy has been identified which affects the plaintiff's class; and (3) that sufficient facts are set forth to demonstrate the enforcement of that policy in the form of actions prohibited by the law. *See Gilligan*, 108 F.3d at 248 (discussing why the plaintiff in a Fair Housing Act case based on familial status discrimination had met the pleading requirements to avoid dismissal based on Rule 12(b)(6)).

In the present case, Plaintiffs have brought suit alleging racial discrimination in the negotiation and enforcement of a housing rental agreement. Specifically, Plaintiffs allege discrimination against African-Americans in that Defendants refused to negotiate with Hiawatha when entering into a lease agreement with their daughter Monica. The court notes that the claims currently being considered have not been marked as being between any particular plaintiff and any particular defendant. Thus, the court will consider whether each Plaintiff has demonstrated a claim within the pleadings.

  a. *Plaintiff Monica*

Monica is a German citizen with permanent resident alien status, domiciled in Nevada. The allegations of racial discrimination made in the complaint are based purely on Hiawatha's status as a disabled African-American. Thus, the court notes that Monica cannot state a claim for discrimination under the alleged facts as she is not a member of a protected class for which an alleged policy of discrimination has affected her class. Instead, Monica is merely a bystander affected by alleged discrimination against her husband's protected class. Accordingly, as she has not stated a proper claim for relief under section 1981, 1982 or the Fair Housing Act, dismissal is proper.

///

///

///

      b.     *The Minor Children Plaintiffs*

The minor children Plaintiffs in this matter are both of African-American and German descent. As such, they meet the requirements of being a member of a protected class. Further, the allegations of discrimination against their protected class are sufficient to show a policy of Defendants which affects their class. However, the minor children fail in the third element. They cannot allege sufficient facts to demonstrate enforcement of that policy against them in violation of the law. The minor children were neither parties nor attempted parties to the rental agreement, nor would they have been capable of entering into such an agreement based on their minority. While they may have been affected by the subsequent eviction proceedings, the actual discrimination was not against them but allegedly against their father. As such, there appears no factual scenario by which they could state a claim for violation of their particular rights. They have, therefore, failed to state a claim under the federal laws at issue.

      c.     *Plaintiff Hiawatha*

Hiawatha, like the minor children plaintiffs, satisfies the first two requirements to survive a motion to dismiss for failure to state a claim upon which relief can be granted. Hiawatha is African-American and disabled, making him a member of a protected class. Next, Hiawatha has alleged that Defendants are severely prejudiced against African-Americans and on that basis refused to allow him to enter into a rental agreement with them. In addition, he alleges that this racial prejudice caused Defendants to improperly terminate the rental agreement that was signed by Monica on the pretext of failure to pay rent. These allegations satisfy the minimal requirements of the pleading stage. They show both a racist policy which affects Hiawatha's class and actions based on that policy which would violate the law if applicable to Defendants. Accordingly, Hiawatha's claims cannot be dismissed under Rule 12(b)(6).

The court is aware of Defendants arguments that Hiawatha cannot meet the elements of the prima facie case and that the Fair Housing Act does not apply to Defendants because they do not meet the property ownership requirements. While the court, with the limited record before it, notes that Defendants' arguments may have substantial merit, those types of arguments are not proper at the motion to dismiss stage. Instead, they should be raised at summary judgment. *See*

1  *Gilligan*, 108 F.3d at 248-50; *see also Arbaugh*, 126 S.Ct. at 1245 (finding the threshold number
2  of employees for application of Title VII is not jurisdictional; this court finds no substantial
3  difference between the Title VII employee requirement and the Title VIII property requirement at
4  issue here).

5        *4.*     *Section 1985*

6       42 U.S.C. section 1985 provides a remedy for conspiracy to deprive one of their civil
7  rights. Hiawatha is the only plaintiff with a legitimate federal claim for deprivation of civil
8  rights. As such, the remaining Plaintiffs likely cannot proceed under this theory. Defendants,
9  however, have provided arguments only as to whether a claim under section 1985 can create
10 subject matter jurisdiction without accompanying claims. In doing so, Defendants have not
11 attacked the legitimacy of Plaintiffs' section 1985 claim. As such, the court need not determine
12 wether Plaintiffs have stated a valid claim at this time.

13       *5.*     *Supplemental Jurisdiction*

14      When a federal court has original jurisdiction in a matter it may hear claims brought
15 under state law for which it would normally not have jurisdiction, provided that those claims
16 form part of the same case or controversy of the claims for which the court does have
17 jurisdiction. 28 U.S.C. § 1367(a). Accordingly, the court has jurisdiction over the litany of state
18 law claims brought by Plaintiffs and not addressed in this order. However, the parties should
19 note that the court's supplemental jurisdiction is permissive and the court can dismiss the state
20 law claims if all federal claims have been dismissed. *Id.* at 1367(c)(3).

21                        **CONCLUSION**

22      The court has federal question jurisdiction in this matter based on the non-frivolous
23 federal claims presented in the complaint. In addition, while Monica and the minor children
24 Plaintiffs have not stated a federal claim under 42 U.S.C. section 1981, 1982 or the Fair Housing
25 Act upon which relief may be granted, Hiawatha has provided sufficient allegations in the
26 complaint to survive a 12(b)(6) motion to dismiss. Accordingly, the court also has supplemental
27 jurisdiction over the state law claims raised in the complaint. While Defendants have made
28 several strong arguments for dismissal, the current stage of the proceedings is not the appropriate

1 | place to consider them.  Finally, as the court need not consider the documents attached by
2 | Defendants, Plaintiffs' pending motion to strike is rendered moot.
3 |     It is therefore ORDERED that Defendants' Motion to Dismiss (#12) is GRANTED in
4 | part and DENIED in part as discussed above;
5 |     It is further ORDERED that Plaintiffs' Motion to Strike (#33) is DENIED as moot.
6 |     DATED this 5th day of June, 2006.

*/s/ Larry R. Hicks*

LARRY R. HICKS
United States District Judge